## BANK OF STOCKBRIDGE v. HIGHTOWER.

GILBERT, J. The case is before this court on exception to the overruling of a motion for new trial, based alone on the general grounds. There is evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

No. 3581. OCTOBER 10, 1923.

Equitable petition. Before Judge Searcy. Henry superior court. December 29, 1922.

The Bulk of Stockbridge brought suit against Ralph Thompson and others, including J. H. Hightower and his wife, S. V. Hightower, seeking to recover the principal of two promissory notes amounting to $4410.93, together with interest, costs, and attorney's fees. The notes were dated May 7, 1921, due November 20, 1921. They were indorsed by J. H. Hightower. On September 17, 1921, J. H. Hightower made to Mrs. S. V. Hightower four conveyances, one covering horses, mules, wagons, cows, a buggy and harness, and three covering described parcels of real estate. The petition, after reciting the above-stated facts, charged that the conveyances by Hightower to his wife were without consideration and voluntary, and were made solely for the purpose of hindering, delaying, and defrauding his creditors, including petitioner; and prayed for a decree setting aside the conveyances mentioned, as fraudulent and void, and subjecting the property covered to the payment of petitioner's debt. J. H. Hightower and S. V. Hightower each filed answers, setting up the bona fides of the conveyances referred to. No pleadings were filed by any of the other defendants; and a verdict and judgment were rendered against them and J. H. Hightower, for the amount sued for, with interest, attorney's fees, and costs. The verdict and judgment were in favor of the defendant, S. V. Hightower. The petitioner moved for a new trial, on the general grounds; and exception is made to the judgment of the court overruling that motion.

The plaintiff introduced in evidence the tax-digest for the years 1921 and 1922, showing that for 1921 J. H. Hightower returned for taxation 76 acres of land and personal property aggregating in value $2225; that for the year 1922 he made no return; that for 1921 Mrs. Hightower returned 250 acres of land valued at $2375; and that for 1922 she returned 326 acres of land and personal property aggregating in value $4810.00. The defendant intro-

duced the testimony of Mrs. S. V. Hightower, to the effect that she and J. H. Hightower had been married for 49 years; that shortly after their marriage she inherited 100 acres of land; that from the profits arising from this land she bought other land; that J. H. Hightower had always attended to the renting of the land, collection of rents, etc., and that he would deposit the rents as collected in bank to his credit; that for a number of years he did nothing else; that she did not pay him for his services in this respect; that for several years he worked for a salary, which was used for the support of his family; that at times his salary was insufficient for this purpose, and it was necessary to use a portion of the fund arising from the rental of the farm land belonging to her; that J. H. Hightower purchased all of the personal property and land covered by the four conveyances to her; that she furnished the money for the purchases; that title was taken in his name with her knowledge; that he owed her the money and was to repay it, and that " he finally decided, in September, 1921, that he was not going to make it, so he thought he had better give me back the stuff then; " that in addition to the amounts furnished by her for the purchase of the property mentioned she had loaned to J. H. Hightower $600 for the payment of debts; and that no accounts or records were kept between them. J. H. Hightower testified that the money used in making the purchases of the property covered by the four conveyances was realized from crops grown on Mrs. Hightower's land; that " she loaned me the money; " that " I told her I could not pay her, and would just deed the land back to her, and she agreed to take it back." The evidence does not show exactly the amount advanced by Mrs. Hightower for the purchases. She states the amount for two of the parcels of real estate to have been $3000. She does not state the amount for the third parcel. J. H. Hightower gives the amount for this parcel as something more than $1000, or $1100. The amount advanced for the purchase of the personal property is not definitely shown. The considerations recited by the four conveyances aggregate $4841.25. The plaintiff also introduced evidence to the effect that one parcel of the real estate conveyed was easily worth " from three to four thousand dollars, possibly four thousand dollars." It also introduced a transcript from its records, showing that J. H. Hightower had for some time carried an account with the plaintiff, that at times he had a substantial balance to his credit, but that the ac-

count had been closed prior to the institution of this suit. The testimony of Mr. and Mrs. Hightower relative to this account was that Mr. Hightower had handled all the financial affairs of Mrs. Hightower; and that the money placed in this account was derived from her farm lands, and in fact belonged to her.

*Smith, Hammond & Smith* and *Reagan & Reagan,* for plaintiff.
*E. M. Smith,* for defendant.